IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS and MARGARET MEANS,[1]

                Plaintiffs,                      ORDER

                   v.                      09-cv-523-bbc

DEPARTMENT OF CORRECTIONS,
DIVISION OF COMMUNITY CORRECTIONS,
QUALA CHAMPAGNE, Division Administrator,
AMY ROMENSKO, Agent Supervisor,
ELHAJJMALIK BRICKHOUSE, Case Agent,
Rhinelander Probation/Parole

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On August 20, 2009, plaintiff Jerry Means submitted a civil complaint and a motion

to proceed in forma pauperis.  In an August 27, 2009 order, I ordered the complaint in this

case to be taken under advisement for screening under 28 U.S.C. § 1915(e)(2) because it

appeared from plaintiff's trust fund account statement that he had no means by which to

---

[1]  The caption in this court's August 27, 2009 order did not include plaintiff Margaret
Means, even though she is listed as a plaintiff in the complaint.  I have amended the caption
to correct this omission.  For the sake of clarity I will refer to Jerry Means as "plaintiff" and
Margaret Means by name throughout this order.

1

pay an initial partial payment.  However, since entry of that order, plaintiff has submitted

materials in support of his case that indicate that he has struck out under 28 U.S.C. §

1915(g).

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three or more prior occasions, plaintiff has filed lawsuits or appeals that were

dismissed as legally frivolous or because they failed to state a claim upon which relief may

be granted.  Means v. Department of Corrections, 09-C-687 (E.D. Wis. Aug. 24, 2009);

Means v. Milwaukee Secure Detention Facility, 09-C-744 (E.D. Wis. Aug. 24, 2009); Means

v. Paulsen, 09-C-766 (E.D. Wis. Aug. 24, 2009).  Thus, he must prepay the filing fee for this

lawsuit unless his complaint alleges that he is in imminent danger of serious physical injury.

In order to meet the imminent danger requirement of 28 U.S.C. § 1915(g), a plaintiff

must allege a physical injury that is imminent or occurring at the time the complaint is filed

and the threat or prison condition causing the physical injury must be real and proximate.

Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citing Heimermann v. Litscher, 337

F.3d 781 (7th Cir. 2003); Lewis v. Sullivan, 279 F.3d 526, 529 (7th Cir. 2002)).  In his

2

complaint in his case, plaintiff alleges that defendants violated federal law by refusing to allow him to live with his wife while on extended supervision following his release from the Milwaukee Secure Detention Facility.  Also, it appears from the supplemental materials filed on September 17, 2009 that plaintiff wishes to bring an access to the courts claim regarding cases filed in the Eastern District of Wisconsin.  In neither of these claims does plaintiff allege that he faces imminent danger of serious physical harm.  Therefore plaintiff's complaint does not qualify under the imminent danger exception of § 1915(g), and I will deny his motion for leave to proceed in forma pauperis.

Because plaintiff is disqualified from proceeding in forma pauperis under § 1915(g), he may choose to pursue this case as a paying litigant.  If so, he must submit a check or money order made payable to the clerk of court in the amount of $350 and he must do so no later than October 28, 2009.  If he does this, however, plaintiff should be aware that the court then will be required to screen his complaint under 28 U.S.C. § 1915A, and dismiss his case if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  If plaintiff does not pay the $350 filing fee by October 28, 2009, I will conclude that he does not want to pursue this action.  In that event, the clerk of court is directed to close this file.  However, even if the file is closed, plaintiff will still owe the $350 filing fee and he must pay it as soon as he has the means to do so.  Newlin v. Helman, 123 F.3d 429, 436-437 (7th Cir.

3

1997).

Even if plaintiff chooses to pay the full $350 filing fee in order to proceed with the case, his complaint suffers from several other problems.  First, letters from the Wisconsin Department of Corrections submitted by plaintiff indicate that the department reconsidered its decision to not allow plaintiff to be placed with his wife and in fact allowed him to live with her.  Thus it appears that plaintiff's claim against the department and various probation/parole personnel has been mooted.  If plaintiff wishes to pursue this claim, he should amend his complaint to explain to the court how defendants' actions have violated his rights in light of this new information.

Second, although it appears from plaintiff's supplemental filings that he wishes to pursue an access to the courts claim, he does not include that claim in his complaint.  Even if he did, it would almost certainly violate Fed. R. Civ. P. 20, which prohibits a plaintiff from asserting unrelated claims against different defendants or sets of defendants in the same lawsuit.  Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each defendant that arises out of the same transaction or occurrence or series of transactions or occurrences and presents questions of law or fact common to all.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); 3A Moore's Federal Practice § 20.06, at 2036-45 (2d ed. 1978).  Although it seems unlikely that plaintiff's access to the courts claim arises out of the same series of transactions or occurrences as his claim

4

regarding his placement on extended supervision, if he believes both claims can be properly brought in this lawsuit he should amend his complaint to include allegations in support of his access to the courts claim.  Also, he should add as defendants the parties he believes violated his right of access to the courts.

Last, in his complaint plaintiff names his wife, Margaret Means, as a plaintiff, but she has not signed the complaint.  Fed. R. Civ. P. 11 requires that the complaint be signed by each unrepresented plaintiff.  If Margaret Means wishes to be a plaintiff in this lawsuit, she will have to inform the court of that fact by signing a copy of the complaint (or the amended complaint if plaintiff chooses to amend the complaint in accordance with this order) and submitting that to the court.

There is a final issue to address.  In both his complaint and supplemental materials plaintiff appears to request appointment of counsel.  In determining whether to appoint counsel, I must find first that plaintiff has made reasonable efforts to find a lawyer on his own and has been unsuccessful or that he has been prevented from making such efforts. Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992).  To prove that he has made reasonable efforts to find a lawyer, plaintiff must give the court the names and addresses of at least three lawyers who he asked to represent him in this case and who turned him down.  Plaintiff has not met this prerequisite.  Moreover, even the motion had been submitted properly, it is premature.  Appointment of counsel is appropriate in those

5

relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds the plaintiff's demonstrated ability to prosecute it.  Pruitt v. Mote, 503 F.3d 647, 654, 655 (7th Cir. 2007).  It is far too early to make that determination in this case, as I have not yet allowed plaintiff to proceed on any of his claims.  Accordingly, I will deny his motion without prejudice to his filing it again at a later date.


ORDER

IT IS ORDERED that:

1.  Plaintiff Jerry Means's request for leave to proceed in forma pauperis is DENIED because he is ineligible for in forma pauperis status under 28 U.S.C. § 1915(g).

2. Plaintiff may have until October 28, 2009, in which to submit a check or money order made payable to the clerk of court in the amount of $350.  If, by October 28, 2009, plaintiff fails to pay the fee, the clerk of court is directed to close this file.  However, even in that event, the clerk of court is to insure that plaintiff's obligation to pay the $350 fee for filing this case is reflected in this court's financial records.

3.  Plaintiff's motion for appointment of counsel, dkt. #1, is DENIED without

prejudice to his filing it again at a later date.

Entered this 7th day of October, 2009.

BY THE COURT:

/s/

_____

BARBARA B. CRABB
District Judge