IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS and MARGARET MEANS,[1]

                Plaintiffs,                              ORDER

     v.                                            09-cv-523-bbc

DEPARTMENT OF CORRECTIONS,
DIVISION OF COMMUNITY CORRECTIONS,
QUALA CHAMPAGNE, Division Administrator,
AMY ROMENSKO, Agent Supervisor,
ELHAJJMALIK BRICKHOUSE, Case Agent,
Rhinelander Probation/Parole

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In an October 7, 2009 order, I denied plaintiff Jerry Means's request for leave to proceed in forma pauperis in this case because he has struck out under 28 U.S.C. § 1915(g), making him ineligible for in forma pauperis status on his claims that defendants denied him access to the courts and violated federal law by refusing to allow him to live with his wife

---

[1] The caption in this court's August 27, 2009 order did not include plaintiff Margaret Means, even though she is listed as a plaintiff in the complaint. I have amended the caption to correct this omission. For the sake of clarity I will refer to Jerry Means as "plaintiff" and Margaret Means by name throughout this order.

1

while on extended supervision. (Jerry Means has included his wife, Margaret Means, as a plaintiff, but she has not signed any of the documents submitted by her husband. However, this case can be resolved without determining whether Margaret Means is a proper plaintiff).

I gave plaintiff until October 28, 2009 to pay the full $350 filing fee in order to proceed with the case. Also, I denied plaintiff's motion for appointment of counsel. Plaintiff did not pay the $350 filing fee by the deadline and the case was closed.

Now plaintiff has filed a motion for reconsideration of the October 7, 2009 order. However, he provides no argument for why he should be allowed to proceed in forma pauperis despite his three-strike status, and I can see no reason to change that ruling. Also, he asks for reconsideration of the denial of his motion to appoint counsel, but as I stated in the October 7 order, there is no reason to provide counsel for plaintiff at this early point in the case, before I have even allowed him to proceed on any of his claims. Accordingly, I will deny his motion for reconsideration.

As a final note, plaintiff requests that the court return to him a copy of two opinions he states he sent to the court, Bounds v. Smith, 430 U.S. 817 (1977), and Johnson v. Avery, 393 U.S. 483 (1969), as well as another copy of the October 7, 2009 order. I will attach a copy of the October 7 order as well as a copy of the Johnson opinion submitted by plaintiff, but plaintiff did not submit a copy of the Bounds opinion so I cannot return it to him.

2

ORDER

IT IS ORDERED that plaintiff Jerry Means's motion for reconsideration of the October 7, 2009 order in this case, dkt. #8, is DENIED.

Entered this 18th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge