IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS and MARGARET MEANS,[1]

               Plaintiffs,                           ORDER

              v.                                  09-cv-523-bbc

DEPARTMENT OF CORRECTIONS,
DIVISION OF COMMUNITY CORRECTIONS,
QUALA CHAMPAGNE, Division Administrator,
AMY ROMENSKO, Agent Supervisor,
ELHAJJMALIK BRICKHOUSE, Case Agent,
Rhinelander Probation/Parole

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an October 7, 2009 order, I denied plaintiff Jerry Means's request for leave to proceed in forma pauperis in this case because he has struck out under 28 U.S.C. § 1915(g), making him ineligible for in forma pauperis status on his claims that defendants denied him access to the courts and violated federal law by refusing to allow him to live with his wife while on extended supervision. (Jerry Means has included his wife, Margaret Means, as a

---

[1] For the sake of clarity I will refer to Jerry Means as "plaintiff" and Margaret Means by name throughout this order.

1

plaintiff, but she has not signed any of the documents submitted by her husband. However, this case can be resolved without determining whether Margaret Means is a proper plaintiff).

I gave plaintiff until October 28, 2009 to pay the full $350 filing fee in order to proceed with the case. Also, I denied plaintiff's motion for appointment of counsel. Plaintiff did not pay the $350 filing fee by the deadline and the case was closed. In a March 19, 2010 order, I denied plaintiff's motion for reconsideration. Now plaintiff has filed another motion for reconsideration, in which he asks also for appointment of counsel and for this case to be consolidated with Eastern District of Wisconsin case no. 09-cv-639-wcg. I will deny all of these motions, but because plaintiff seems confused about the October 7 order, I will provide further explanation for that decision.

Plaintiff states that he is "'entitled' to this relief its my right" and quotes Johnson v. Avery, 393 U.S. 483, 500 (1969), for the proposition that he "need only set out the facts giving rise to a claim for relief and the judge will apply the law, appointing a lawyer for the prisoner and giving him a hearing when appropriate." I take this to mean that plaintiff believes that I erred in (1) denying him leave to proceed in forma pauperis without discussing the merits of his claim; and (2) denying his motion for appointment of counsel. However, plaintiff's reliance on Johnson is misplaced because that case discusses petitions for habeas corpus rather than civil rights lawsuits, and in any case, the Johnson opinion does not stand for the propositions that every prisoner case must be decided on the merits or that

2

every prisoner litigant should be assigned a lawyer.

The reason I did not reach the merits of plaintiff's case is because has not paid the full $350 filing fee for this lawsuit. Usually, indigent plaintiffs are able to proceed on their claims even without prepaying the full filing fee, but a federal statute, 28 U.S.C. § 1915(g), prohibits prisoners from bringing a civil action without prepaying the fee if they have brought three previous lawsuits containing claims that were dismissed on the grounds that they were "frivolous, malicious or fail[ed] to state a claim upon which relief may be granted." Plaintiff has three such previous lawsuits. Means v. Department of Corrections, 09-C-687 (E.D. Wis. Aug. 24, 2009); Means v. Milwaukee Secure Detention Facility, 09-C-744 (E.D. Wis. Aug. 24, 2009); Means v. Paulsen, 09-C-766 (E.D. Wis. Aug. 24, 2009). The only way plaintiff could have proceeded in this case without prepaying the fee was if he brought claims suggesting that he was in "imminent danger of serious physical injury," but he does not raise any imminent danger claims in this case. Therefore I will deny his motion for reconsideration. Because plaintiff has struck out, there is no need to appoint him counsel or consolidate this case. If plaintiff wants the court to consider the merits of his case, he will have to submit the $350 filing fee.

Finally, plaintiff requests that the court "assist [him] with the proper appeal process with an attorney." To assist plaintiff, I have enclosed a sample appeal form as well as a copy of Fed. R. App. P. 3. I note that should plaintiff decide to file a notice of appeal, that appeal

3

may be untimely. (Usually a party has 30 days from entry of judgment to file an appeal.) However, only the court of appeals may determine whether it has jurisdiction to entertain an appeal. Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999). Also, plaintiff's motion for appointment of counsel on appeal is not properly raised in this court. If he wishes appointment of counsel on appeal, he will have to make his request directly to the Court of Appeals for the Seventh Circuit. It is up to plaintiff to determine whether he wishes to pursue an appeal. If he does so, he will owe a $455 filing fee.

ORDER

IT IS ORDERED that

1. Plaintiff Jerry Means's motion for reconsideration, dkt. #10, is DENIED.

2. Plaintiff's motion for appointment of counsel, dkt. #10, is DENIED.

3. Plaintiff's motion for consolidation of this case with Eastern District case no. 09-cv-639-wcg, dkt. #10, is DENIED.

4

4. Plaintiff's motion for appointment of counsel on appeal, dkt. #10, is DENIED without prejudice to his refiling it with the Court of Appeals.

Entered this 30th day of March, 2010.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge