IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JERRY MEANS and MARGARET MEANS,

                Plaintiffs,                                         ORDER

                v.                                                     09-cv-523-bbc

DEPARTMENT OF CORRECTIONS,
DIVISION OF COMMUNITY CORRECTIONS,
QUALA CHAMPAGNE, Division Administrator,
AMY ROMENSKO, Agent Supervisor,
ELHAJJMALIK BRICKHOUSE, Case Agent,
Rhinelander Probation/Parole

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

This case was closed on November 4, 2009, after plaintiff Jerry Means[1] failed to pay the $350 fee for filing his complaint following a finding that he was ineligible for pauper status under 28 U.S.C. § 1915(g). Now plaintiff has filed a motion for a court order directing Dodge Correctional Institution to extend the legal loan policy so he may "continue my litigation with the courts, attorneys & any other legal resources that I may choose, without restriction from DCI." Plaintiff's motion will be denied.

---

[1] For the sake of clarity I will refer to Jerry Means as "plaintiff" throughout this order.

1

Under Wis. Admin. Code § DOC 309.51, prison officials may refuse a litigant's requests for legal loan extensions unless the inmate demonstrates an extraordinary need for the loan "such as a court order requiring submission of specified documents." There is no such order in this case. In addition, I note that plaintiff has no pending cases in this court or with the Court of Appeals for the Seventh Circuit. Whether plaintiff can convince prison officials to find extraordinary circumstances warranting an extension of this legal loan limit is not a matter in which this court will interfere. In Lindell v. McCallum, 352 F.3d 1107, 1111 (7th Cir. 2003), the court of appeals held that the district courts in Wisconsin are under no obligation to order the state of Wisconsin to lend prisoners more money or paper than they are authorized to receive under § DOC 309.51.

Furthermore, to the extent plaintiff argues that he needs a legal loan extension in order to gain access to this court, it does not appear that plaintiff is unable to communicate with the court. The very fact that plaintiff's current motion was mailed to the court leads me to believe that plaintiff *is* able to communicate with this court despite limitations on his legal loan privileges. Therefore, plaintiff will have to do the best he can with the limited resources he has. Like any other person on a tight budget, plaintiff must make careful choices about how he chooses to allocate his limited income.

ORDER

IT IS ORDERED that plaintiff Jerry Means's motion for a legal loan extension, dkt. #15, is DENIED.

Entered this 21st day of July, 2010.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3